JOHN BURRILL vs. PRESIDENT, DIRECTORS, &c. OF THE
NAHANT BANK.

The board of directors of a bank is a body recognized by law, and to all purposes of
dealing with others, constitutes the corporation.

A board of bank directors may delegate authority. to a committee of its members to
alienate or mortgage real estate ; and such authority to convey real estate necessari-
ly implies authority to execute proper instruments for that purpose, and to affix the
corporate seal thereto.

Where a board of bank directors authorized a committee of its members " to sell and
transfer any estate owned by the bank," and the committee gave a mortgage of the
real estate of the bank to a creditor who had recovered judgment against the bank
on its bills, and took from him, at the same time, a bond conditioned that he would
not put those bills in circulation, and the board of directors accepted said bond and
acted on it, and the cashier paid the costs of the suit in which said judgment was
recovered, according to the agreement made between said creditor and said commit-
tee ; it was held, that whether the committee had or had not authority to *mortgage* the es-
tate, the mortgage had been ratified by the board of directors.

WRIT of entry to recover a messuage and appurtenances in
Lynn, known as the banking house and land of the Nahant Bank.
The demandant counted on his own seizin in fee and in mortgage.

At the trial before *Putnam*, J. it was shown by a book, enti
tled "Directors' Records," that at a meeting of the directors
of the Nahant Bank, held on the 3d of July, 1837, it was voted,
that A. Breed and J. C. Stickney, two of the board of direc-
tors, be a committee to sell and transfer any estate or property
owned by said bank.   E. S. Davis, called as a witness by the
demandant, testified that he was cashier of the bank from Feb-
ruary to October, 1837 ; that the demandant brought an action
against the tenants to recover the amount of three $ 500 bills of
said bank, and obtained judgment thereon in June, 1837 ; that
in the month of July following, the witness understood that the
demandant intended to sue out execution and levy it upon the
banking house ; to prevent which, as the witness understood from
conversation with the directors individually, and not as a board,
they were about to secure the demandant by a mortgage of said
house.   The witness testified also that he afterwards saw the
mortgage which was given to the demandant, and received from
him a bond to the bank, conditioned that he would not put said

bank bills in circulation for twelve months ; and that when the said mortgage and bond were given, he paid the costs of the demandant's said suit, as part of the adjustment, but that the said bank bills were not given up to the bank.

On cross-examination, the witness said he had no distinct recollection of any conversation, on this subject, with any director besides A. Breed ; that the conversation aforesaid was in the bank room ; that he did not meet with the directors, unless called in ; that he made the record of the doings of the board of directors, after their adjournment, from minutes that were usually made by said Breed ; and that he had no knowledge of any vote of said board, which does not appear upon the records of their doings. The witness was certain that he had the above mentioned conversation with said Breed before the mortgage was made, and that some of the other directors were present ; that it was immediately after a session of the board of directors ; that they came from their room into the room where the witness was, and were talking on the subject.

The demandant introduced the deed of mortgage of the demanded premises, given to him by the tenants, bearing date September 6th, 1837, signed by A. Breed and J. C. Stickney, describing themselves as a committee of said Nahant Bank, duly authorized to transfer the property of said bank, and stating that they had thereto affixed the seal of said corporation ; which seal was in fact affixed. The deed contained the usual covenants against incumbrances, of warranty, &c. and the condition was, that unless the tenants should pay $ 1500, in one year, with interest, the deed should "remain absolute."

A verdict was taken for the demandant, subject to all exceptions of the tenants either to the competency or the sufficiency of the proof to sustain or show the authority of the committee of the directors to make said mortgage.

*Goodrich,* for the tenants. The directors, as such, had no authority to convey the real estate of the corporation. 17 Mass. 29, 30. *Stow* v. *Wyse,* 7 Connect. 214. But if they had such authority, the vote, on which the demandant relies, was an attempt to delegate their authority to a sub-committee, which can-

not legally be done. Angell & Ames on Corp. 149. Story on Agency, 14 – 17. 30. 2 Kent Com. (3d ed.) 632, 633. *Stoughton* v. *Baker*, 4 Mass. 530. 1 Livermore on Prin. & Agent, 54. Even if authority could be thus delegated, the committee had no power to warrant against incumbrances, &c. ; *Nixon* v. *Hyserott*, 5 Johns. 58 ; *Beals* v. *Allen*, 18 Johns. 363 ; nor to affix to the deed the seal of the corporation ; nor to execute a mortgage — especially a mortgage providing that the estate should become absolute in the demandant at the expiration of a year, thereby depriving, or at least attempting to deprive the tenants of the right to redeem at any time within three years after condition broken.

A vote authorizing an agent of a corporation to convey its lands should contain all the requisites of a letter of attorney to convey, and be as particular as it is necessary for the deed to be which is to be executed by virtue of it. *Lumbard* v. *Aldrich*, 8 N. Hamp. 31.

*Stickney*, for the demandant. Directors of a bank have authority, *ex officio*, to convey real estate of the bank. They have authority, and it is their duty, to pay an execution against the bank, and, of course, a right to secure the judgment creditor in such a way as they deem proper. They do not exercise a delegated authority, like that of special agents, but have the general management of the concerns of the corporation, which they may commit to a select number of their board. *Savings Bank* v. *Davis*, 8 Connect. 191. *Bank of Columbia* v. *Patterson*, 7 Cranch, 305. *Wyman* v. *Hallowell, &c. Bank*, 14 Mass. 62. *Hartford Bank* v. *Barry*, 17 Mass. 97. *Baptist Church* v. *Mulford*, 3 Halst. 185, and cases there cited.

But if the power of the board cannot be delegated to a committee, yet upon the evidence, in this case, the board agreed that the mortgage should be given, and ratified it after it was given ; and when a corporation has had the benefit of a transaction, it cannot deny the validity thereof. *Canal Bridge* v. *Gordon*, 1 Pick. 297. *Abbot* v. *Hermon*, 7 Greenl. 118. *Bank of U. States* v *Dandridge*, 12 Wheat. 64.

Authority to transfer real estate includes the usual means and

instruments of transfer. In this case, the mortgage was in the usual form, and with the usual covenants. But if the committee had not authority to warrant against incumbrances, &c. yet the deed is good so far as the committee had power. The question of their authority to warrant does not arise in this action, though it might arise in a suit on the covenants of warranty.

If the power " to sell and transfer " authorized an absolute sale, it also authorized a mortgage ; the greater power includes the less.

SHAW, C. J. The question in this case is, whether the mortgage from the Nahant Bank, under which the demandant claims, is a valid security. Upon the facts agreed, several exceptions were taken, upon which the cause has been argued.

In the first place, the deed duly executed under the corporate seal of the bank, and produced by the party claiming under it, is *primâ facie* a good title ; and it is for those, who wish to set it aside, to impeach it. If therefore the parol evidence as to the proceedings of the directors and the circumstances under which the deed was executed, was inadmissible, it leaves the deed unimpeached.

But if we look beyond the deed itself at the facts testified and the votes given in evidence, it appears that the plaintiff had an action against the bank, which was about coming to judgment and execution, when the plaintiff might by law have levied his execution on the same premises embraced in the mortgage ; to prevent which the directors agreed to give him a deed, he executing a bond not to put into circulation the bank bills on which he had recovered judgment.

It was contended that a board of bank directors, exercising themselves a delegated authority, have no power to delegate an authority to any committee to alienate or mortgage real estate, and that if the authority of the committee was to convey, they had no power to mortgage. To both parts of this objection we think there is an answer. In the first place, we think the exception takes much too limited and strict a view of the powers of bank directors. A board of directors of the banks of Massachusetts is a body recognized by law. By the by-laws of these corporations,

and by a usage, so general and uniform as to be regarded as part of the law of the land, they have the general superintendence and active management of all the concerns of the bank, and constitute, to all purposes of dealing with others, the corporation. We think they do not exercise a delegated authority, in the sense in which the rule applies to agents and attorneys, who exercise the powers especially conferred on them and no others. We think, therefore, that a board of directors may delegate an authority to a committee of their own number, to alienate or mortgage real estate ; that an authority to convey necessarily implies an authority to execute suitable and proper instruments for that purpose ; and, in case of a corporation, to affix the corporate seal to an instrument requiring it.

As to the committee's having exceeded their authority, by executing a mortgage, under a general authority to convey, so that the authority was not pursued ; the court are of opinion, without stopping to inquire whether such act did pursue the authority, that the case shows a ratification by the board of directors. The directors accepted the bond of defeasance which referred to the deed, and acted upon it ; the cashier paid the costs ; and the general tenor of the evidence proves such ratification. The court are therefore of opinion that the mortgage was valid and binding on the bank, and that the plaintiff is entitled to recover.

*Judgment on the verdict.*